The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Stegman presiding. Thank you, Mr. Mayor. This is case number 4-180819. People of the State of Illinois v. Sharif Rowell. For the appellant, please state your name, sir. I'm Daryl Omen, and I represent the appellant. Thank you. And for the appellee, please state your name. James Ryan Williams. I represent the state. Thank you, counsel. Mr. Omen, behalf of the defendant, you may proceed. Good morning, Your Honors. You may please the court. Again, I'm Daryl Omen, and I represent the appellant, Sharif Rowell. This case is about the proper scope of a traffic stop for speeding, which is a routine occurrence of this state. We know from well-established Fourth Amendment law that police can investigate the reason for the traffic stop, in this case, speeding. But to search beyond that, they need probable cause to believe that another crime has been committed. The speeding stop, in this case, did not support a search of the appellant's entire car for marijuana possession, which is not typically a crime in this state. It certainly did not support a search of the trunk of his car and two bags, one in the backseat of the car and one inside the trunk of the car, none of which, I might add, contained any marijuana or any other drugs. The general constitutional requirements for auto searches have stayed the same since the What changed after that, however, is the statutes that determine whether and when marijuana possession is a crime. Suspicion of marijuana possession in 2017 simply was not enough on its own to form probable cause to believe that a crime had occurred in this case, aside from, again, the reason for the stop, which was speeding. The crux of the state's argument seems to be that a change in the law doesn't occur until there's a published public court decision, but that's not the case. The Illinois legislature certainly is entitled to change the law regarding whether something's a crime by adding, amending, abrogating statutes, and that's exactly what they did with marijuana. It was licensed for medical purposes in 2014, and it was decriminalized in small amounts in 2016. As a result of these legislative changes, suspicion that an appellant possessed marijuana in 2017 simply was not enough to turn a speeding stop into a generalized search of his entire car, again, including two bags and the trunk. The police can't keep enforcing laws years after they've been abrogated by the legislature. The troopers needed additional evidence to form probable cause to believe that there was criminal possession. Criminal possession. No such evidence present in this case. In fact, even after a thorough search, the troopers did not find any marijuana or any other drugs. The dash cam video is really remarkable. It's nice in this day and age that we have this sort of evidence available to us on direct appeal to show exactly what was done, what was said, the timing, what the troopers searched, what the troopers said, and it's very, very clear based on this direct appeal record. I'll refer to the video itself, which was state timestamp 433. The trooper tells Mr. Rall, I smelled weed in the car, so we're going to search it. He reiterates again at the 8 minute and 10 second mark. That gives us probable cause to search you and the vehicle. So really, there's no need to speculate. Nothing more is really needed in this case. We saw what the troopers did. Again, after that, two additional troopers show up. We can see they begin searching the car, opening the side door, searching the passenger compartment. Minute 45 second mark. They pop the trunk at the 13 minute 50 second mark. They remove a suitcase and begin searching the suitcase at the 14 minute five second mark. It's just... Let me ask you a question. This traffic stop occurred in February 2017. Yes, sir. Is our focus on the law as it stood then regarding whether the smell of cannabis emanating from the vehicle was a sufficient justification for the police to search it? Yes. The focus needs to be on 2017 for two reasons. One, because we need to look at the conduct of the officers and what formed probable cause for them to believe that a crime had occurred. Two, because there was no motion to suppress filed in this case. We have to look at what was available to the defense attorney when he decided, essentially failed in this case, to file a motion to suppress really the only incriminating evidence in this case. Is it your position that the smell of cannabis from a vehicle does not, in 2017, justified the search of the vehicle? Yes. It's our position based on the smell alone. It's a relevant factor. There could be more. There could be other things. Looking at the Hill case, for example, there was loose bud visible in plain sight within the car. Obviously, the smell of cannabis combined with actually seeing it inside the car in plain view before any entry or search of the car occurred, that was enough. What about the case law that said that the smell of cannabis was enough to search the car and how the Illinois Supreme Court, earlier this very year, declined to overrule People v. Stout, which had specifically so helped? Yes. The case you're referring to is People v. Hill, which I just mentioned. They've declined in that case, again, because the facts were just not appropriate for that sort of decision to be made. Well, in People v. Stout, didn't the Supreme Court hold that the order of burnt cannabis without other corroborating evidence provided an officer probable cause to search the vehicle? Yes, it did. The Stout decision was from 1985. Well, that continues to be good law, does it, until such time as the Supreme Court overrules it? No, it's not. The reason for that is that the Illinois legislature can overrule certain provisions of Supreme Court decisions by changing the underlying statutes on which they apply. In 2017, when this matter occurred, what had happened that changed that justification? Well, first, what happened is in 2014, the Illinois legislature had changed the legal status of cannabis so that it was not considered illegal in every instance. At the time of the Stout decision, certainly, the smell of marijuana was sufficient to search the car because any possession under any circumstances was illegal under Illinois statutes, then in effect in 1985. But that began to change in 2014 with the Compassionate Use Act, and it changed additionally in 2016 when small amounts of cannabis were deemed no longer a criminal offense, but rather a civil law violation. So by making these changes, the Illinois legislature, a co-equal branch of the government, had decided these are no longer criminal offenses and police are no longer allowed to enforce crimes that are no longer crimes because the law had been abrogated. Wasn't there still a criminal component to marijuana possession? There is, above 10 grams. So the police, when they stop the car, would have to make a determination whether this was above 10 grams before it had probably caused the search? That's correct. So the smell of marijuana is one factor, but there's additional factors with respect to licensure, with respect to the quantity. And again, under the facts of this case, there was no marijuana in the car, but the officers didn't know that at the time it was their job to investigate before searching the car to obtain probable cause through continuing their investigation. Well, if your point is such that the legislature has now changed this analysis, how is it that the Supreme Court in Hill declined to recognize this given the frequency with which this issue arises? Well, in Hill, again, the issue was the facts of the case were just remarkably bad. The procedural posture of that case was unusual. I'll try to work through this quickly so not to waste too much time, but the trial court had granted a motion suppressing that case based on really incongruent grounds that were contrary to its own findings. So when this court got Hill in 2019, it overturned that ruling. By the time it went to the Illinois Supreme Court, I believe they were prepared to the officers saw, through plain view from outside of the vehicle, loose marijuana inside the passenger compartment of the car. That alone, aside from the smell, even just seeing it, that's enough on its own to prove evidence of a crime. You cannot have loose marijuana in a vehicle. That's a class A misdemeanor under Illinois law. So I believe they'll probably take another case and they will reach this issue. The point, however, though, it's not necessary for the Illinois Supreme Court to rule where the Illinois legislature has already changed the law. They're entitled to do that. There's a statute, for example, criminalizing bringing contraband into a penal institution, and that statute lists items of contraband ranging from weapons to drugs to hypodermic needles. And if there's a published Illinois appellate court decision or Supreme Court decision saying that any particular type of possession is a crime, the legislature, without requiring a decision from the appellate court, can change that. They can simply change the list of things that are a crime and say, for example, hypodermic needles are no longer a crime. And if that happens, police offenders cannot say, I'm relying on this appellate court decision from 1985 saying that hypodermic needles are contraband. That's been changed. The legislature can do that by itself. There's no need to wait for the appellate process to grind on, PLA granted, improvidently granted, essentially, in Hill, waiting for another case to come down. The police cannot continue to essentially enforce an abrogated criminal law. You, in arguing ineffective assistance of counsel in this case, for counsel's failure to file a motion to suppress, it seemed to be suggesting that the record before this court is the only evidence that could have and would have been presented. And a motion to suppress has been filed. Is that your position? Yes, that's correct. Given the nature of the video in this case, where it shows everything, and the nature of the claim when the items found in the search were literally the only incriminating evidence with respect to the actual charged offenses. This isn't a drug case. It was charged based on the items that were found essentially inside the bags, including one that was found inside a suitcase, inside the trunk of the car. There's no possible strategic justification not to file a motion to suppress that incriminating evidence. Well, let me ask some other questions about this. The officers testified that the vehicle was traveling at 115 miles per hour in a 70 mile an hour zone, and they arrested him for misdemeanor speeding. Were they not? That's correct. Okay. Now, this was apparently, well, let me back off. Was there any evidence about anyone else being in the car? No, he was alone. So a misdemeanor speeding arrest, as opposed to a traffic ticket, is that a custodial arrest? Did they take him into custody? He was taken into custody, and I believe he was placed in the back of the squad car while the search was conducted. And when they completed the search, they took him to the police station? They did. What happened to the car? I don't believe it's in the record, but presumably it was towed from the side of the road. Okay. Now, if a car has been towed as a result of an arrest, what's the likelihood that an inventory search of it would have been conducted? An inventory search of some kind would have been conducted, specifically, again, a suitcase in the trunk of the car? I can't say. Well, this is a simple case, factually. Not many questions to ask. If you were the defense attorney and you knew that an inventory search had been conducted of this car, what would be the basis to move to suppress the evidences pursuant to the inventory search? Your Honor, speaking hypothetically or under the facts of this case? Both. Well, under the facts of this case, there was not an inventory search. It was an investigative search, which under the case law is a distinction. That's very important. Yes. Okay. Well, what I'm wondering is if the car had been towed, an inventory search, the inevitable discovery doctrine would have applied, would it not? No, because again, under People v. Huntley, there's a distinction between an inventory search and an investigatory search. That's an Illinois Supreme Court case, which follows the United States Supreme Court case of San Diego v. Oppenheim. In this case, it clearly was an investigatory search based on portions of the record and videotape that I mentioned earlier. Absent the investigatory search, would it have been inevitably discovered? Again, we don't know that based on this record. Justice Steigman is talking about what actually happened under the facts of this case. After the evidence was found inside the suitcases, we don't know if he had only been stopped for speeding, whether the car would have been charged. If someone is arrested and taken to custody, he's the only person in the vehicle, the police are going to tow the vehicle and search it, aren't they? Conduct an inventory search. Isn't that routine practice? Not for misdemeanor speeding necessarily. He's placed in the vehicle so they could search the vehicle for evidence of other crimes. Well, if he were taken to the police station, the vehicle is not going to be left out on the sees the vehicle on tow at some place. Once they've done that, they are going to conduct an inventory search. Isn't that routine? Yes, but again, that happened in this case after the evidence of the other crimes. Well, the point being, if they had grounds, and apparently there's no contesting the grounds to arrest him for a misdemeanor speeding and take him to custody, that's the whole idea about the inevitable discovery doctrine, isn't it? But upon making that determination before the trunk is searched, that is they're going to arrest them for misdemeanor speeding, then the inventory search would have revealed the items of issue, would it not? This assumes that had they not found those items, they would have taken to the police station and towed the car. We don't know that. They could have simply searched the car and let him go with a speeding ticket. What about other matters that might have been known to the defense attorney that might have caused the defense counsel to decide not to file this motion to suppress? I'm not aware of any such possible considerations. The state doesn't give any in their brief. Well, as for instance, there's a section of the pre-sentence investigation in this case, which contains information pertaining to what had happened according to the PSI regarding the arrest, which I suspect would have been known to defense counsel. And after all, this, as I say, is a very simple case that included information in the PSI that he didn't stop at a stop sign when he left the exit ramp, when the police tried to stop him. And he was then traveling 70 miles per hour in a 50 mile an hour zone. And when the officer propped him, he smelled a strong odor of raw cannabis emitting from the vehicle. That was in the PSI. I guess that was probably in a police report, which the defense attorney may have had further explained why maybe he wouldn't want to file the motion to suppress. No, your honor, we don't need to look as far as the PSI or the police reports, all that's on the video. The stop occurred in this case after a short pursuit at the one minute and 56 second of the dash cam video. The officer told the defendant he smelled weed. And his strong odor of raw cannabis emitting from the vehicle. Those are two different things, aren't they? No, the position is that the smell, the strong smell, the raw smell, if anything, burnt cannabis would be more. Because of course, it's illegal to be smoking marijuana while driving a car. The smell of raw cannabis is less incriminating. And again, our position is by itself, that's not enough. But even if this court disagrees, there's a whole nother phase of this under stout, they can't search the suitcase inside the trunk of the car. There's no evidence that the smell was emanating from the trunk or from the bags or from a bag inside the trunk. There needs to be independent probable cause under James and Cregan to believe that there was evidence of a crime inside those bags inside the trunk. That's not correct, counsel. That's a search incident to arrest. This is a search of a car based on probable cause. If you smell something, you can search all the bags. This court so held in People v. Williams and other cases. And you can search the car and any containers that are in. Your citation to Cregan is inapposite. Do you have anything further? My citation would be People v. James, which is in a Supreme Court case, and also People v. Cregan, a normal Supreme Court case from 2014. Those are search incident to arrest cases. This isn't a search incident to an arrest. Well, the search of the speeding would be incident to the arrest. In addition to that, the probable cause has to pertain to the location that's actually searched. That's what those cases say. Thank you. Okay, you have an opportunity to address this again in rebuttal. Mr. Williams, you may address the court. Thank you, Your Honor. May it please the court, counsel. My name is James Ryan Williams, and it is my privilege to represent the state before this honorable court. In my assessment, it seems, and Justice Steigman, you touched on both of these points, but it seems to me that defendant's argument is predicated on two fundamentally flawed premises. First, that the search here was based exclusively on the odor of a loan. That fact is just not clearly established by the record. And second, that the odor of cannabis alone did not provide probable cause for a roadside search in 2017. Now, starting first with this latter point, defendant in the briefing asserted that the 2020 Hill decision, the Supreme Court called into question whether the odor of cannabis continued to provide probable cause for a search, even subsequent to decriminalization in 2016. And then based on that assertion, he is arguing that counsel's ineffective in 2017, essentially for not foreseeing that this would later be called into question and filing a motion on that basis. However, as Your Honor pointed out, even if they may have in some way called into question whether the odor alone continues to provide probable cause, the court did not take the opportunity to overturn the Stout decision from 1985, which provided, of course, that the odor alone did supply probable cause for a roadside search. So that was at the time of when this motion should have been filed in 2017. That was good law, and to this day remains good law. In fact, even in the Hill decision itself earlier this year, the Supreme Court reaffirmed that despite decriminalization, cannabis remains contraband, and thus subject to a search. So the state's initial position is that counsel couldn't have been ineffective here for failing to file a motion on a legal basis that did not really exist in 2017 and still does not exist based on the Hill decision. Now, the other perhaps more fundamental flaw in this case, in this argument that is, is that the search here, is the argument that the search here was based on the odor alone. The record simply does not establish that fact, which defendant largely ignores in this case. This is not a case where there was a suppression hearing, an officer testified, yes, I searched the car based on the odor of cannabis alone. Instead, it appears to me that that defendant's assertion on point is based on a statement that the officer made during the roadside stop, where he said, I smell, he said that he smelled weed, which gives us probable cause to search. Now, just because the officer happened to articulate that in that moment on video, that doesn't mean that that was his sole basis for the search. There very well could have been other indicia of criminal activity that the officer just happened to not articulate in that moment. So the fact remains that this record just simply does not establish what's really the predicate fact of defendant's argument here, which is that the odor was, or excuse me, which is that the search was based on the odor alone. This is simply not a case where that fact has been clearly established based on the evidence. Now, even if hypothetically the search was in fact based on the odor alone, and even if that somehow didn't provide probable cause for a search in 2017, in any event, a motion to suppress even if filed would not have been granted here because the trooper acted in a good faith reasonable belief that the search was lawful based on then existing, and I would argue still existing precedent. Again, at the time of the search in 2017, stout was good law, and at that time it had not even been called into question. And defendant's argument to the contrary that stout has been abrogated by statute, that's simply not true. Again, in the Hill decision itself, the court held that decriminalization did not alter cannabis status as contraband, and thus it's still subject to search. And not only did the reasonable good faith belief that the search was lawful, but moreover the purpose of the exclusionary rule would not be served in this case, because there was no police misconduct that can be deterred. And after all, the exclusionary rule suppressing evidence, the purpose of that is not to redress every conceivable fourth amendment violation, however slight, rather it's limited to those rare cases where suppression of the evidence would serve as a deterrent of future violations. Here there's no future violations to deter because again, the officer was acting based on what was then existing and even subsequent, even after Hill remains good precedent. So for all of those reasons, even if council had filed a motion to suppress in this case, there's not a reasonable probability that it would have been granted. And unless the court has any further questions. I see none. Thank you, counsel. Thank you, your honor. Mr. Ullman, any rebuttal, sir? Yes, may it please the court, I have two quick points on rebuttal. I took this opportunity to grab people versus James is where I had cited your honor, the 1994 Illinois Supreme Court case, just to ensure what I said to you was correct. It is not a search instance into arrest. It was an automobile stop for an obscure license plate. And that court, the Illinois Supreme Court held that the officers have a probable cause to believe that evidence of criminal activity will be found in a container to search a container that's independent of the reason for the stop or incidents to arrest. And again, in James, it wasn't incident to arrest. And my second point would be if your honor feels that there's not enough evidence on this record, that videotape is not enough, the remedy then would be to remand for a suppression error, where a motion to suppress could be filed and that could be put in evidence. The state didn't argue now, but they did argue in the brief that perhaps there should be a post conviction petition. There's really nothing the defense can add by way of a petition or reliable. The nature of the things that your honor mentioned about inventory searches, we need to be put into evidence by the troopers themselves. So for all of these reasons, we ask that you reverse outright or at the very least remand for a suppression error. Okay. Thank you, counsel. The court will take this matter under advisement to stand in recess.